# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7639 | **DATE** | 8/28/2002 |
| **CASE TITLE** | RENA HARDY vs. THE UNIV OF ILL, CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Plaintiff's motion for leave to appeal in forma pauperis [40-1] is withdrawn. Enter Memorandum Opinion And Order. For the reasons stated in opinion, and absent any facts supporting her present claim of indigency, defendant's bill of costs is granted in part and denied in part. Defendant is awarded a total of $861.75 in costs and fees.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | SEP 03 2002 date docketed | | 51 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RENA HARDY, )
 )
    Plaintiff, )
 ) No. 00 C 7639
v. )
 ) Judge John W. Darrah
THE UNIVERSITY OF ILLINOIS, CHICAGO, )
 )
    Defendant. )

DOCKETED SEP 0 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Rena Hardy ("Hardy"), sued Defendant, The University of Illinois, Chicago, for alleged sexual harassment, retaliation, and intentional infliction of emotional distress. Summary judgment was granted in favor of Defendant, and Defendant has filed a bill of costs.

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing

party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D.Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000).

Plaintiff argues that costs should not be awarded because she is indigent. In support of her argument, Plaintiff states that she had an annual income of approximately $17,000 and that she receives $500 a month in child support for her 17-year-old son. Plaintiff supports her son, her adult daughter, and her grandson.

Plaintiff's affidavit demonstrates that while her income is limited, Plaintiff is not actually indigent. Plaintiff is employed and receives a salary of approximately $17,000 per year, and she receives child support for her minor son. Accordingly, Plaintiff has failed to demonstrate actual indigency and her inability to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

Defendant seeks a total of $2,422.64 in fees and costs for photocopying charges; court reporter and transcription fees; and courier, postage, and delivery charges.

As to the photocopying and courier and delivery charges, Defendant attaches several invoices. The invoices indicate the total number of copies, the total charge for the photocopies, and the postage and handling charges. However, the invoices do not, nor does any other information provided by the Defendant, indicate the actual number of copies of each document that were produced or describe what documents were copied.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Furthermore, copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D.Ill. 1998); *Falcon*, 2000 WL 1231403 at * 2.

In the instant case, the Court is unable to determine if the total number of copies includes only those charges for copies that are allowed, one copy for the court and one copy for opposing counsel, or if the documents copied were reasonably necessary for the litigation. Accordingly, these costs are denied.

Defendant also seeks fees for the deposition transcripts of Winston Atwater, Willie Green, and the Plaintiff.

The costs of transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript, $4.00 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.50 per page for each additional copy to the same party.

The invoice for the deposition transcripts of Winston Atwater and Willie Green does not indicate the rate per page nor can the rate per page be calculated as the invoice does not indicate the number of pages transcribed. Accordingly, the reasonableness of the costs associated with

these transcripts cannot be ascertained and, therefore, cannot be awarded.

Defendant seeks a total of $886.75 for the fees associated with Plaintiff's deposition. The invoice for Plaintiff's deposition does indicate the total number of copies, and the rate for each page can be calculated as $2.65 per page. The rate of $2.65 is below that of the Judicial Conference and is reasonable.

The invoice also indicates a charge of $161.20 for 6.5 hours of attendance by the court reporter. This rate is not contested by Plaintiff and is reasonable. The invoice also indicates a charge of $25.00 for a "Min-U-Script with Word Index". As a second copy, "minuscripts" are not recoverable. *See Winfrey v. City of Chicago*, 2000 WL 965854 (N.D. Ill. Aug. 22, 2000). Accordingly, Defendant is awarded $861.75 ($886.75 - $25.00) for the costs and fees associated with Plaintiff's deposition.

For the reasons stated above, and absent any facts supporting her present claim of indigency, Defendant's Bill of Costs is granted in part and denied in part. Defendant is awarded a total of $861.75 in costs and fees.

Dated: August 28, 2002

JOHN W. DARRAH
United States District Judge

4